ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| CITY OF SPRINGFIELD, OFFICE OF PUBLIC UTILITIES, doing business as City Water, Light and Power,<br><br>   *Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Respondents*,<br><br>v.<br><br>PRAIRIE RIVERS NETWORK and SIERRA CLUB,<br><br>   *Intervenors*. | Case No. 24-3009 |

## CWLP'S RESPONSE IN OPPOSITION TO EPA'S MOTION FOR CONTINUED ABEYANCE OF CWLP PETITION

1. The City of Springfield, Office of Public Utilities d/b/a City Water, Light and Power ("CWLP") respectfully submits this response

opposing the U.S. Environmental Protection Agency's ("EPA") request to continue holding CWLP's petition for review in abeyance.

2.  CWLP challenges the Pretreatment Standard for Existing Sources ("PSES") for Flue Gas Desulfurization ("FGD") wastewater set forth in EPA's final rule, 89 Fed. Reg. 40198 (May 9, 2024) (the "Rule"). CWLP filed its petition for review on October 1, 2024, challenging the Rule's PSES for FGD wastewater, which is known to apply only to CWLP. (Case No. 24-3009.) The PSES bans any discharges of FGD wastewater to Publicly Owned Treatment Works ("POTWs") after May 9, 2027.

3.  CWLP cannot support EPA's request to continue to hold this litigation in abeyance without a corresponding administrative stay by EPA of the Rule's fast-approaching PSES deadline which will prohibit CWLP's discharges of FGD wastewater to the Sangamon County Water Reclamation District's POTW. Counsel for EPA have advised the undersigned that EPA has not indicated a willingness to issue an administrative stay. But EPA seeks to hold this litigation in abeyance, nonetheless.

4. While CWLP supports EPA's announced intent to reconsider the Rule, EPA has not identified a timetable for the reconsideration to start or end. Nor is there any indication that reconsideration will result in a different PSES for FGD wastewater, either in substance or deadline. At the same time, the Rule's PSES compliance date (the earliest of any compliance deadline under the Rule) continues to approach.

5. CWLP filed its merits brief on November 7, 2024 (History No. 5454600), and EPA filed its merits brief on January 17, 2025 (History No. 5476087). On February 19, 2025, following the change in Presidential Administration, EPA requested a 60-day abeyance "to allow new Agency leadership to review the underlying rule," (History No. 5487086 at 1) which the Court granted on February 28 (History No. 5491197). EPA now seeks an additional 60-day abeyance.

6. EPA's reluctance to proceed with an administrative stay while the case is in abeyance compels CWLP to continue to incur significant costs to comply with the Rule by May 2027. Public utilities like CWLP face unique challenges in raising capital, planning, and implementing compliance measures, as detailed in CWLP's merits brief.

(*See* History No. 5454600 at 21-22.) The uncertainty of EPA's review exacerbates these challenges, as CWLP does not have the luxury to wait and see if the PSES for FGD wastewater will remain in effect.

    7.    CWLP's petition should proceed without delay, or alternatively, EPA should agree to stay the Rule's PSES for FGD wastewater pending its review. The Agency cannot have it both ways.

For the foregoing reasons, CWLP respectfully requests that the Court deny EPA's request for continued abeyance of CWLP's petition for review and proceed with scheduling the remaining briefing and oral argument.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| | <u>/s/ Daniel J. Deeb</u><br>Daniel J. Deeb<br>Alexander J. Garel-Frantzen<br>Catherine M. Masters<br>ARENTFOX SCHIFF LLP<br>233 S. Wacker Dr., Ste. 7100<br>Chicago, IL 60606<br>(312) 258-5500<br>dan.deeb@afslaw.com<br>alex.garel-frantzen@afslaw.com<br>catherine.masters@afslaw.com<br>*Counsel for City Water, Light and Power* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Response in Opposition to EPA's Motion for Continued Abeyance complies with the work limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 473 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook. I further certify that the PDF file was scanned for viruses and found to be virus-free.

Dated:  April 29, 2025 /s/ Daniel J. Deeb
Daniel J. Deeb

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2025, the foregoing Response in Opposition to EPA's Motion for Continued Abeyance was electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Alexander J. Garel-Frantzen
Alexander J. Garel-Frantzen